IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MARIA ALCALA, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:22-cv-95 |
| | § | |
| ALLSTATE VEHICLE AND | § | |
| PROPERTY INSURANCE COMPANY, | § | |
| Defendant. | § | |

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

On August 1, 2022, Defendant Allstate Vehicle and Property Insurance Company removed this case from the Cameron County Court at Law V. Dkt. No. 1.  Allstate alleged that diversity jurisdiction is present. Id.

On August 10, 2022, Plaintiff Maria Alcala filed a motion to remand this case, arguing that the amount in controversy has not been met. Dkt. No. 7.  Allstate has filed a response to the motion. Dkt. No. 17.  No reply brief was filed.

After reviewing the record and the relevant case law, it is recommended that the motion to remand be denied.  Allstate has shown, by a preponderance of the evidence, that the amount in controversy has been met.

**I. Background**

**A. Factual Background**

Alcala alleges that on March 21, 2022, her residential property was damaged in a wind and hailstorm. Dkt. No. 1-1, p. 4.  Alcala alleges that she "promptly" reported the damage to Allstate, her homeowner's insurance company. Id.  Alcala alleges that Allstate has "failed and refused to pay [her] a just amount in accordance with its contractual obligations, agreements and representations." Id.

On April 27, 2022, Alcala's counsel sent Allstate a notice and demand letter, pursuant to Tex. Insurance Code § 541.154. Dkt. No. 1-3.  In that demand letter, Alcala sought damages totaling $24,309.69. Id.  Those damages were broken out as follows:

1

     Economic Damages: $21,630.44

     10% Interest: $180.25

     Attorney's Fees & Costs: $2,499.00

Dkt. No. 1-3.

### B. Procedural History

On June 27, 2022, Alcala filed suit in the Cameron County Court at Law V. Dkt. No. 1-1, p. 2. In that petition, Alcala stated that pursuant to TEX. R. CIV. P. 47, she sought "only monetary relief of $250,000 or less, excluding interest, statutory or punitive damages and penalties and attorney's fees and costs." Id. Alcala made claims for breach of contract; violations of the Deceptive Trade Practices Act; unfair insurance practices under Tex. Ins. Code § 541; breach of the duty of good faith and fair dealing; and unlawful payment delay under Tex. Ins. Code § 542. Id. Alcala sought exemplary damages, attorney's fees, costs of suit, mental anguish damages, statutory damages, pre-judgment and post-judgment interest and punitive damages. Id. Allstate was served with process on July 5, 2022. Dkt. No. 1-2.

On August 1, 2022, Allstate timely removed the case to this Court on the basis of diversity jurisdiction. Dkt. No. 1. Allstate alleged that Alcala is a citizen of Texas, and that Allstate is a citizen of Illinois and that the amount in controversy exceeds $75,000. Id.

On August 8, 2022, Alcala filed a "binding stipulation" that she is limiting her recovery to "an amount not to exceed $74,999.00, exclusive of interests and costs." Dkt. No. 6.

On August 10, 2022, Alcala filed a motion to remand, arguing that her stipulation demonstrates to a legal certainty that the amount in controversy has not been met. Dkt. No. 7.[1]

---

[1] On August 16, 2022, Alcala filed an amended complaint, which alleged that diversity jurisdiction is present. Dkt. No. 9. On August 22, 2022, Alcala withdrew her amended complaint. Dkt. Nos. 15, 16.

On August 22, 2022, Allstate filed a response to the motion to remand, arguing that it is facially apparent from the complaint that the amount in controversy has been met and that Alcala's post-removal stipulation does not deprive the Court of jurisdiction.

## II. Applicable Law

### A. Diversity Jurisdiction

United States District Courts have original jurisdiction in civil actions where the matter in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a)(1). Neither party challenges the diversity of citizenship in this case. Exxon Mobil Corp. v. Allapattah Services, Inc., 545 U.S. 546, 553 (2005)(requiring complete diversity of citizenship). Instead, the jurisdictional challenge centers around the amount in controversy.

### B. Removal

"Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable" to federal court. 28 U.S.C. § 1441(a)-(b). The party seeking removal bears the burden of showing that jurisdiction exists, and that removal is proper. De Aguilar v. Boeing Co., 47 F.3d 1404, 1408 (5th Cir. 1995). Jurisdiction is determined by examining the claims in the state court petition at the time of removal. Manguno v. Prudential Property and Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002). "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." Id.

### C. Amount In Controversy

Defendant bears the burden of proving, by a preponderance of the evidence, that the amount in controversy exceeds $75,000, at the time of removal. Gebbia v. Wal-Mart Stores, Inc., 233 F.3d 880, 882-83 (5th Cir. 2000). If the state court petition does not ask for a sum certain, "[t]he defendant may prove that amount either by demonstrating that the claims are likely above $75,000 in sum or value, or by setting forth the facts in controversy that support a finding of the requisite amount." Id. The Court notes that under Texas law, plaintiffs only plead a range of damages. Tex. R. Civ. P. 47(b).

The $75,000 is calculated "exclusive of interest and costs." 28 U.S.C. § 1332(a). If the Plaintiff seeks the recovery of attorney's fees under a state statute, which permits such recovery, those fees should be included in the calculation of the amount in controversy. Louque v. Allstate Ins. Co., 314 F.3d 776, 779 (5th Cir. 2002).

A post-removal stipulation of damages will not divest the Court of jurisdiction, if jurisdiction otherwise properly existed at the time of removal. Gebbia, 233 F.3d at 883.

The Court may consider a pre-suit demand letter in determining the value of the plaintiff's claims at the time of removal. St. Paul Reinsurance Co. v. Greenberg, 134 F.3d 1250, 1254 (5th Cir. 1998).

## III. Analysis

At this stage, there is a single issue for the Court to resolve: whether Allstate has established, by a preponderance of the evidence, that – at the time of removal – the amount in controversy exceeded $75,000. The parties otherwise agree that there is diversity of citizenship in this case.

As noted earlier, the burden of proving the issue of the amount in controversy lies solely with Allstate, because they removed the case to this Court. Garcia v. Koch Oil Co. of Texas Inc., 351 F.3d 636, 638 (5th Cir. 2003) ("The party seeking to invoke federal diversity jurisdiction bears the burden of establishing . . . that the amount in controversy exceeds $75,000."). Allstate must meet this burden by a preponderance of the evidence. 28 U.S.C. § 1446(c)(2)(B). Furthermore, "[a]ny ambiguities are construed against removal and in favor of remand to state court." Mumfrey v. CVS Pharmacy, Inc., 719 F.3d 392, 397 (5th Cir. 2013).

### A. Facially Apparent

The Court will first consider whether it is facially apparent from the complaint that the amount in controversy exceeds $75,000. The "facially apparent" test requires the Court "to look only at the face of the complaint and ask whether the amount in controversy" has been met. S.W.S. Erectors, Inc. v. Infax, Inc., 72 F.3d 489, 492 (5th Cir. 1996). The Court finds that it is not facially apparent that the amount in controversy has been met in this case.

The complaint states that it seeks "only monetary relief of $250,000 or less, excluding interest, statutory or punitive damages and penalties, and attorney's fees and costs." Dkt. No. 1-1, p. 2. The complaint does not make clear, on its face, that it is seeking more than $75,000, only that it seeks less than $250,000. That pleading "does not in clear terms satisfy the statutory minimal requirement for jurisdiction." Imperium Ins. Co. v. Shelton & Assocs., Pro. Ass'n, 761 F. App'x 412, 418 (5th Cir. 2019) (a state court complaint that sought damages "in excess of $50,000" did not, on its face, seek more than $75,000).

Allstate, in its notice of removal, stated that the amount was facially apparent because Alcala's complaint sought "monetary relief of $250,000 …, excluding interest, statutory or punitive damages and penalties, and attorney's fees and costs." Dkt. No. 1, p. 2 (ellipses original). The ellipses left out the words "or less," completely changing the meaning of the sentence. "Use of ellipses to excise relevant and decisive [information] in a way that benefits [a party's] case is looked upon with great disfavor." U.S. v. Johnson, 187 F.3d 1129, 1132 n. 3 (9th Cir. 1999). The complaint is indeterminate when considering if it seeks $75,000 or more in damages.

Furthermore, it is not clear from the face of the complaint that the amount in controversy exceeds $75,000. The facts of this case – as shown in the complaint – are about an unknown amount of damage to a home after a wind and hailstorm. The complaint does not make clear whether a few windows were broken or if half of the home collapsed. In short, the Court cannot conclude, from the paucity of factual allegations, whether it is facially apparent that the amount in controversy has been met. See Manguno v. Prudential Property and Cas. Ins. Co., 276 F.3d 720 (5th Cir. 2002) (in a class action case where the attorney's fees of the entire class were aggregated, it was facially apparent that the amount in controversy would be met); Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1336 (5th Cir. 1995) (in a case involving three defendants, 512 plaintiffs and a "wide variety of harm allegedly caused by wanton and reckless conduct" it was "common sense" that the amount in controversy was met); but see Chapman v. Essex Ins. Co., 2013 WL 12137884, at *5 (E.D. Tex. Apr. 4, 2013) (amount in controversy was not facially apparent from the

complaint in an action about insurance company's failure to pay when the complaint was silent about the level of damage suffered). Those type of facts – where the amount in controversy would obviously be met – are not present.

### B. Further Evidence

Because the amount in controversy is not facially apparent, the Court must "review summary-judgment type of evidence to determine the amount in controversy at the time of removal." S.W.S. Erectors, 72 F.3d at 492.

Allstate has argued that because the underlying policy covers up to $198,013 in damages, the amount in controversy exceeds $75,000. Dkt. No. 1, p. 3. This focus is wrong. In cases "that involve the applicability of an insurance policy to a particular occurrence, the jurisdictional amount in controversy is measured by the value of the underlying claim— not the face amount of the policy." Hartford Ins. Grp. v. Lou-Con Inc., 293 F.3d 908, 911 (5th Cir. 2002). This is contrasted with claims that involve the validity of the underlying insurance contract, where the amount in controversy would be determined by the policy limits of the contract. Id. Because this case centers on the applicability of the insurance contract to a particular event – the wind and hailstorm on March 21, 2022 – then the amount in controversy is determined by the claimed damages, not the policy limits.

The Court turns to the pre-suit damages letter to ascertain the value of the claims in this case. The Court will consider: (1) actual damages; (2) statutory penalties; and (3) attorney's fees, in analyzing whether the amount in controversy exceeds $75,000.00. The Court notes that the "amount in controversy is not proof of the amount the plaintiff will recover but an estimate of the amount that will be put at issue in the course of the litigation." Durbois v. Deutsche Bank Nat'l Tr. Co. as Tr. of Holders of AAMES Mortg. Inv. Tr. 20054 Mortg. Backed Notes, 37 F.4th 1053, 1057 (5th Cir. 2022) (internal quotation marks omitted).

### 1. Actual Damages

Alcala's letter sought $21,630.44 as damages for the value of the policy claims. Dkt. No. 1-3.

6

As previously noted, § 541.152(b) permits treble damages if the plaintiff can show that the insurer acted knowingly in wrongfully denying the claim. Alcala is seeking damages pursuant to § 541.152(b). If she were successful at trial, she could receive $64,891.32 in total damages. The Court will use that number for the damage amount in its calculations.[2]

### 2. Statutory Penalties

Texas has a statutory provision which requires an insurer to pay a valid claim within 60 days of receiving it. Tex. Insurance Code § 542.058(a). If the insurer fails to do so, the insurer is subject to a mandatory 18 percent interest penalty per year until it is paid. Tex. Insurance Code § 542.060(a). This penalty is assessed on the amount withheld by the insurer, not on the total damages. Lumbermens Mut. Cas. Co. v. Klotz, 251 F.2d 499, 509 (5th Cir. 1958) disapproved of on other grounds by Cont'l Cas. Co. v. Boerger, 389 S.W.2d 566 (Tex. Civ. App. 1965)). This amount is included in the calculation of the amount in controversy. St. Paul Reinsurance Co. v. Greenberg, 134 F.3d 1250, 1255 (5th Cir. 1998).

The claim in this case arose out of a wind and hailstorm that occurred on March 21, 2022, and Alcala alleges that she promptly informed Allstate of her claim. Dkt. No. 1-2. While no precise date of filing the claim with Allstate is alleged – given the dates of the storm and Allstate denial – the Court can safely assume that the 60 day deadline has already passed.

The original policy claim was for $21,630.44. While the Court does not have a precise deadline of when the 60-day deadline passed, so as to be able to calculate the exact

---

[2] The Court notes that Alcala pled damages for mental anguish, but did not plead a sum certain or include a specific number for mental anguish damages in her pre-suit demand letter. If Alcala can establish that Allstate acted knowingly in denying her claim and can prove the elements of a common law mental anguish claim, then her mental anguish claim would be considered actual damages and would potentially be trebled. State Farm Life Ins. Co. v. Beaston, 907 S.W.2d 430, 436 (Tex. 1995). Thus, while the Court cannot impute a specific amount of mental anguish damages in its calculation, it does consider the pleading for mental anguish damages in determining whether Allstate has met its burden by a preponderance of the evidence. See Herring v. Metro. Prop. & Cas. Ins. Co., 2013 WL 3893282, at *2 (E.D. La. July 26, 2013) ("Where the plaintiff does not demand specific sums for the categories of damages sought, courts look to the nature of the claims and damages alleged to determine whether the jurisdictional amount is met.")

amount of interest accrued. However, the Court considers that the 60-day deadline has almost assuredly passed and this claim is accruing interest daily. If even 60 days of interest accrued prior to removal, then at least $640.02 has accrued in statutory penalties. This amount is added to the amount in controversy, bringing the new subtotal to $65,531.34 ($64,891.32 in trebled damages plus $640.02 in statutory interest).

### 3. Attorney's Fees At the Time of Removal

The final factor in determining the amount in controversy is the attorney's fees.

In her pre-suit demand letter, Alcala sought $2,499.00 in past attorney's fees – that is fees she had already incurred. Dkt. No. 6-3.

The already incurred attorney's fees – when added to the treble damage model and statutory penalties – brings the total amount incurred to $68,030.34.

The remaining question for the Court is whether Allstate has established, by a preponderance of the evidence, that any other damages or additional attorney's fees to be incurred in the future will meet or exceed an additional $6,969.66. Given the standard of proof, the Court finds that this burden has been met. The Court finds by a preponderance of the evidence that the unspecified mental anguish damages and remaining attorney's fees – including those fees incurred during the state court litigation – will meet or exceed $6,969.66. See Robertson v. Exxon Mobil Corp., 814 F.3d 236, 240 (5th Cir. 2015) (the Court can "make common-sense inferences" as to whether the amount in controversy has been met).

While not expressing a conclusion as to the sufficiency of the Plaintiff's evidence, the Court should find that the amount in controversy was met at the time of removal.

### C. Plaintiff's Burden

When the defendant meets its burden of showing, by a preponderance of the evidence, that the amount in controversy has been met, then removal is proper unless the plaintiff can show "that it is legally certain that his recovery will not exceed the amount stated in the state complaint." De Aguilar, 47 F.3d at 1412. For example, a plaintiff could meet this burden by showing that there is a state law that would limit his recovery to a level below the statutorily required amount in controversy. Id. A plaintiff who wishes to prevent

removal "must file a binding stipulation or affidavit" with their state court complaints; post-removal stipulations generally do not meet the legal certainty requirement. Id.

In this case, Alcala filed her binding stipulation after the case had already been removed. Dkt. No. 6. The Fifth Circuit case law draws an important distinction between post-removal affidavits and stipulations that can be used to clarify the jurisdictional facts of the amount in controversy, but, at the same time, cannot be used to amend those facts.

The seminal case on the use of post-removal affidavits to clarify the amount in controversy came under unique factual circumstances. 'Asociacion Nacional de Pescadores a Pequena Escala O Artesanales de Colombia (ANPAC) v. Dow Quimica de Colombia S.A., 988 F.2d 559, 565 (5th Cir. 1993), abrogated on other grounds by Marathon Oil Co. v. Ruhrgas, 145 F.3d 211 (5th Cir. 1998). In ANPAC, the plaintiffs were Colombian fisherman impacted by the Defendant's chemical spill.

They claimed damages from minor skin rashes and the loss of fishing opportunities. Id. The state court complaint did not list a damages amount, and the removing defendant offered no facts in support of its claim that the amount in controversy was met. Id. Plaintiff's counsel filed a post-removal affidavit stating that no individual plaintiff had a claim that met the amount in controversy. Id.

The Fifth Circuit found that it was appropriate for the district court to consider the post-removal affidavit because: "(1) the complaint did not specify an amount of damages, and it was not otherwise facially apparent that the damages sought or incurred were likely above [the amount in controversy]; (2) the defendants offered only a conclusory statement in their notice of removal that was not based on direct knowledge about the plaintiffs' claims; and (3) the plaintiffs timely contested removal with a sworn, unrebutted affidavit indicating that the requisite amount in controversy was not present." ANPAC, 988 F.2d at 566. Because Alcala's stipulation "was filed after removal, it would be relevant only if the circumstances described in ANPAC were present." Chapman v. Essex Ins. Co., 2013 WL 12137884, at *6 (E.D. Tex. Apr. 4, 2013).

In this case, the first factor is present – no specified amount of damages are alleged and it is not facially apparent that the amount in controversy has been met. What is missing

9

is the second factor. Unlike <u>ANPAC</u>, where the defendant offered no evidence to show that the amount in controversy was actually met, Allstate has provided a copy of the pre-suit demand letter. This evidence allowed the Court to determine if the amount in controversy was met at the time of removal. Thus, there is no need for a clarification of the damages sought because Allstate has provided sufficient evidence for the Court to come to a reasoned conclusion. As such, the circumstances described in <u>ANPAC</u> are not present in this case.

As such, the post-removal stipulation as to damages does not change the jurisdictional analysis. <u>De Aguilar</u>, 47 F.3d at 1412. If Alcala wished to avoid litigating in federal court, she should have filed the stipulation in state court prior to removal. <u>Id.</u>; Durbois, 37 F.4th at 1061 (Plaintiff's stipulation in state court complaint that he sought less than $74,500 in damages meant that the amount in controversy was not met).[3] Accordingly, Alcala has not shown that to a legal certainty that her damages will not rise above the amount in controversy.

The amount in controversy has been met in this case and diversity jurisdiction is present. The motion to remand should be denied.

**IV. Recommendation**

It is recommended that the motion to remand filed by Maria Alcala, Dkt. No. 7, should be denied.

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation in which to file written objections, if any, with the United States District Judge. 28 U.S.C. § 636(b)(1). A party filing objections must specifically identify the factual or legal findings to which objections are being made. The District Judge is not required to consider frivolous, conclusive, or general objections. <u>Battle v. United States Parole Comm'n</u>, 834 F.2d 419, 421 (5th Cir. 1987).

If any party fails to timely object to any factual or legal findings in this Report and Recommendation, the District Judge is not required to conduct a <u>de novo</u> review of the

---

[3] While the Court finds that the post-removal stipulation does not impact jurisdiction, it takes no position as to how it impacts the remainder of this action.

record before adopting these findings. If the District Judge chooses to adopt such findings without conducting a <u>de</u> <u>novo</u> review of the record, the parties may not attack those findings on appeal, except on the grounds of plain error. <u>Alexander v. Verizon Wireless Servs., L.L.C.</u>, 875 F.3d 243, 248 (5th Cir. 2017).

DONE at Brownsville, Texas, on August 30, 2022.

                                                Ronald G. Morgan
                                                United States Magistrate Judge