Case 1:22-cv-00095   Document 44   Filed on 04/17/23 in TXSD   Page 1 of 11

United States District Court
Southern District of Texas
**ENTERED**
April 17, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MARIA ALCALA, § | | |
|    Plaintiff, § | | |
| § | | |
| v. § | CIVIL ACTION NO. 1:22-cv-95 | |
| § | | |
| ALLSTATE VEHICLE AND § | | |
| PROPERTY INSURANCE COMPANY, § | | |
|    Defendant. § | | |

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

On August 1, 2022, Defendant Allstate Vehicle and Property Insurance Company removed this case from the Cameron County Court at Law V. Dkt. No. 1.

On September 13, 2022, Plaintiff Maria Alcala filed an amended complaint. Dkt. No. 25. The crux of Alcala's complaint revolves around Allstate's failure to cover wind and hailstorm damage at her residence.

On September 23, 2022, Allstate filed a motion to dismiss all of Alcala's claims, except for her breach of contract claim. Dkt. No. 27. On September 25, 2022, Alcala filed a response.

On October 3, 2022, the Court stayed the case to permit the parties to engage in an appraisal process, pursuant to the insurance policy. Dkt. No. 32. On April 17, 2023, the Court lifted the stay after the parties informed the Court that the appraisal process was completed. Dkt. No. 43.

After reviewing the record and the relevant case law, it is recommended that the motion to dismiss be granted in part and denied in part, for the reasons set out below.

**I. Background**

   **A. Factual Background**

Alcala alleges that on March 21, 2022, her residential property was damaged in a wind and hailstorm. Dkt. No. 25, p. 2. Alcala alleges that she "promptly" reported the

1

damage to Allstate, her homeowner's insurance company. Id. She claims that the storm damaged her roof and the exterior of her home. Id.

On March 28, 2022, Evelyn Tanks, an adjuster for Allstate, inspected the claimed damages. Dkt. No. 25, p. 3. Alcala alleges that Tanks told her that "the damage to her property would be fully covered and that Plaintiff had nothing to worry about." Id.

At some point later, Tanks "spent less than one hour assessing the damages" in the entire home. Id. Alcala alleges that based on the size of her roof, that inspection should have should have taken over 90 minutes to conduct "a proper and thorough inspection" of the damage to the roof shingles. Id., pp. 3-4. After the examination, Tanks "determined there was no damage to Plaintiff's property, and no payment was issued" by Allstate. Id. Alcala has pled that Allstate "trains adjusters to calculate just enough damage so that the total amount of replacement cost value will be less than or very close to a policyholder's deductible, regardless of the actual damage present in the subject properties." Id., p. 4.

Alcala sought an estimate from an outside source, who estimated that the repairs would cost $21,000, which is "well above" Alcala's deductible. Dkt. No. 25, p. 4.

At an unspecified date, Alcala permitted another Allstate adjuster to examine her home. Dkt. No. 25, p. 5. This adjuster also found no storm damage and Allstate did not issue a payment. Id.

Alcala alleges that when she purchased her policy, "Allstate's agent represented on behalf of Allstate that it would always conduct a fair and unbiased investigation of Plaintiff's claims against the Policy and promptly issue payment to Plaintiff for all properly covered hailstorm and windstorm damages to the Property." Dkt. No. 25, p. 4. Alcala has pled that the agent knew that the statement was false when it was made. Id., pp. 4-5.

**B. Procedural History**

On June 27, 2022, Alcala filed suit in the Cameron County Court at Law V. Dkt. No. 1-1, p. 2. In that petition, Alcala stated that pursuant to Tex. R. Civ. P. 47, she sought "only monetary relief of $250,000 or less, excluding interest, statutory or punitive damages and penalties and attorney's fees and costs." Id. Alcala made claims for breach of contract; violations of the Deceptive Trade Practices Act; unfair insurance practices under Tex. Ins.

Code § 541; breach of the duty of good faith and fair dealing; and unlawful payment delay under Tex. Ins. Code § 542. Id. Alcala sought exemplary damages, attorney's fees, costs of suit, mental anguish damages, statutory damages, pre-judgment and post-judgment interest and punitive damages. Id. Allstate was served with process on July 5, 2022. Dkt. No. 1-2.

On August 1, 2022, Allstate timely removed the case to this Court on the basis of diversity jurisdiction. Dkt. No. 1. Allstate alleged that Alcala is a citizen of Texas, and that Allstate is a citizen of Illinois and that the amount in controversy exceeds $75,000. Id.

On August 10, 2022, Alcala filed a motion to remand. Dkt. No. 7. On August 30, 2022, the undersigned issued a report and recommendation, which recommended that the motion to remand be denied. Dkt. No. 18. The district judge adopted the report and recommendation, denying the motion to remand. Dkt. No. 26.

On September 13, 2022, Alcala filed an amended complaint. Dkt. No. 25. In that complaint, she raised claims for breach of contract; violations of the Deceptive Trade Practices Act; unfair insurance practices under Tex. Ins. Code § 541; breach of the duty of good faith and fair dealing; and unlawful payment delay under Tex. Ins. Code § 542. Id. Alcala sought exemplary damages, attorney's fees, costs of suit, mental anguish damages, statutory damages, pre-judgment and post-judgment interest and punitive damages. Id.

On September 23, 2022, Allstate filed a motion to dismiss all of Alcala's claims, except for the breach of contract claim. Dkt. No. 27. Allstate alleges that the claims it seeks to dismiss fail to state a claim upon which relief can be granted. Id.

On September 25, 2022, Alcala filed a response, arguing that she pled sufficient facts to support her claims. Dkt. No. 30.

On October 3, 2022, the parties filed a joint motion to abate this case, to allow them to engage in an appraisal process – provided for in the insurance policy – to determine the amount of damages in this case. Dkt. No. 31. On that same day, the Court granted the motion to abate, but ordered Allstate to file any reply in support of the motion to dismiss no later than October 7, 2022. Dkt. No. 32. No reply was ever filed.

On April 14, 2023, the parties notified the Court that the appraisal process was complete and asked the Court to lift the abatement. Dkt. No. 42. On April 17, 2023, the Court lifted the abatement. Dkt. No. 43.

## II. Applicable Law

### A. Rule 12(b)(6)

Dismissal under Rule 12(b)(6) is appropriate when the plaintiff has failed to plead sufficient facts "to state a claim to relief that is plausible on its face." Ferguson v. Bank of New York Mellon Corp., 802 F.3d 777, 780 (5th Cir. 2015) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). If "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," then dismissal is proper. Id. at 679.

"[A] complaint must do more than name laws that may have been violated by the defendant; it must also allege facts regarding what conduct violated those laws." Shepherd on behalf of Estate of Shepherd v. City of Shreveport, 920 F.3d 278, 287 (5th Cir. 2019) (quoting Anderson v. U.S. Dep't of Hous. & Urban Dev., 554 F.3d 525, 528 (5th Cir. 2008)). This represents a change from the previous standard, which merely required a plaintiff to show that "any set of facts or any possible theory he may prove [would be] consistent with the [legal] allegations in the complaint." In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007).

"In determining whether a plaintiff's claims survive a Rule 12(b)(6) motion to dismiss, the factual information to which the court addresses its inquiry is limited to the (1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201." Walker v. Beaumont Indep. Sch. Dist., 938 F.3d 724, 735 (5th Cir. 2019). All well-pled facts must be viewed in the light most favorable to the plaintiff. Schweitzer v. Inv. Comm. of Phillips 66 Sav. Plan, 960 F.3d 190, 194 (5th Cir. 2020).

### III. Analysis

Allstate has sought dismissal of all claims made under the Texas Insurance Code; the DTPA; common law bad faith; and any claims for treble or exemplary damages. The motion should be granted in part and denied in part.

### A. Texas Insurance Code Claims

#### 1. "Reasonably Clear" Claim

Under Texas law, it is an unfair settlement practice for an insurance company to fail to "attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear." TEX. INS. CODE § 541.060(a)(2)(A). "An insurer's liability becomes reasonably clear when the insured shows that: (1) the policy covers the claim, (2) the insured's liability is reasonably clear, (3) the claimant has made a proper settlement demand within policy limits, and (4) the demand's terms are such that an ordinarily prudent insurer would accept it." Bernal v. All State Vehicle & Prop. Ins., 2022 WL 1028086, at *6 (S.D. Tex. Apr. 6, 2022) (internal quotation marks omitted).

Alcala has pled that the policy covers the storm damage and that the damage to her home is reasonably clear. She also pled that she sent a demand letter, seeking $21,630.44 in damages. She has also pled that Allstate has "wrongfully refus[ed] to pay for covered damages," which is an implication that a prudent insurer would pay on her claims. Alcala has pled facts supporting every element of this claim. The motion to dismiss should be denied as to this claim.

#### 2. Reasonable Investigation

Under Texas law, it is an unfair settlement practice for an insurance company to deny "a claim without conducting a reasonable investigation with respect to the claim." TEX. INS. CODE § 541.060(a)(7).

Alcala has pled facts alleging the failure to conduct a reasonable investigation. She alleges that a proper examination of her roof and its damage would have taken over 90 minutes, but that the adjuster spent less than 30 minutes examining the roof. Dkt. No. 25. This raises the inference that if a complete investigation had been done, the adjuster would

5

have found sufficient damages to invoke the policy. As such, Alcala has stated a claim upon which relief can be granted.

### 3. Misrepresentation

Texas law prohibits insurance companies from misrepresenting their insurance policies. TEX. INS. CODE § 541.061. The Fifth Circuit has stated that "a policy's promise to promptly compensate does not become a misrepresentation merely because an insurance carrier disputes whether an injury is compensable and delays payment." Effinger v. Cambridge Integrated Servs. Grp., 478 Fed. App'x 804, 807 (5th Cir. 2011). Rather, this statute prohibits insurance carriers from stating that specific circumstances are covered, but later denying that the policy covers those situations. Id. Put another way, if an insurance carrier says that a policy covers workplace accidents, but wrongly denies coverage of a specific claim on the grounds that there is insufficient evidence, that is not a misrepresentation. But if that carrier denies the claim on the grounds that the policy does not cover workplace accidents, that is a misrepresentation. Id.

There have been no facts pled to show such a misrepresentation. Allstate has not denied that the policy covers storm damage. Rather, Allstate has disputed whether Alcala suffered sufficient storm damage to invoke the coverage. This was not a misrepresentation of the terms of the policy, but a dispute over whether Alcala is entitled to payment under those terms. Vause v. Liberty Ins. Corp., 456 S.W.3d 222, 230 (Tex. App. 2014). This claim should be dismissed for failure to state a claim.

### 4. Timely Payment

Texas law also provides that "if an insurer, after receiving all items, statements, and forms reasonably requested and required under Section 542.055, delays payment of the claim for a period exceeding the period specified by other applicable statutes or, if other statutes do not specify a period, for more than 60 days, the insurer shall pay damages." TEX. INS. CODE § 542.058(a). Section 542.055 permits an insurance company to "request from the claimant all items, statements, and forms that the insurer reasonably believes, at that time, will be required from the claimant." § 542.055(a)(3).

It is not entirely clear from the complaint when Allstate received all items, statements, and forms from Alcala. However, Alcala sent a demand letter on April 30, 2022, seeking $24,309.69 for the failure to pay. Dkt. No. 1-3. There is no indication that Allstate required any further information from Alcala after that letter was sent. More than 60 days have passed since the demand letter was sent. Thus, Alcala has stated a claim upon which relief can be granted.

**B. Deceptive Trade Practices Act**

**1. Unconscionable Conduct**

As to the unconscionable conduct claim, the DTPA "creates a cause of action where an unconscionable action or course of action is a producing cause of actual damages." The Cadle Co. v. Munawar, 2005 WL 1300783, at *4 (Tex. App. June 2, 2005). Unconscionable conduct is defined, by statute, as: "an act or practice which, to a consumer's detriment, takes advantage of the lack of knowledge, ability, experience, or capacity of the consumer to a grossly unfair degree." TEX. BUS. & COM. CODE § 17.45(5). This requires a showing "that the resulting unfairness was glaringly noticeable, flagrant, complete and unmitigated," when considering the entire transaction, not just the injury. Huynh v. Walmart Inc., 30 F.4th 448, 453 (5th Cir. 2022).[1]

Alcala alleges that Allstate sold her the policy, knowing full well that it "was not going to pay for storm damages that were covered under the Policy," misleading her into believing that she was purchasing a valid policy. Dkt. No. 25, pp. 6-7. Notwithstanding the allegation, however, Alcala pleads no facts showing any premeditated plan to sell her what would be a worthless insurance policy. She is alleging a wide-ranging conspiracy where agents are knowingly selling policies that they know the company will refuse to honor, but pleads no facts which demonstrate the existence of this conspiracy. Dismissal

---

[1] Allstate has argued that Alcala must show detrimental reliance. This argument is misplaced. The statute requires detrimental reliance for false, misleading, or deceptive acts. TEX. BUS. CODE § 17.50(a)(1). It does not require detrimental reliance for claims of unconscionable conduct under § 17.50(a)(3). See Browne v. World Christian Church, 2001 WL 681256, at *3 (W.D. Tex. Apr. 5, 2001) ("Browne's argument that reliance is not required for claims of unconscionable acts under § 17.50(a)(3) is correct").

is appropriate if a complaint "does not state sufficient facts to set forth a plausible claim or if the claims it raises are merely speculative." Wells v. Collier, 834 Fed. App'x 949 (5th Cir. 2021). The claim that Allstate knowingly sold worthless insurance policies, is at best, speculative under the facts alleged in the complaint.

Furthermore, Alcala seeks to have Allstate perform its duties under the contract. Mere nonperformance of a contract does not create a DTPA claim. Malsom v. Match.com, L.L.C., 540 Fed. App'x 412, 415 (5th Cir. 2013). A plaintiff can, however, maintain a breach of contract claim and a DTPA claim "when the plaintiff alleges not only a breach of contract, but also that the other party 'never intended' to fulfill the contract in the first place." Id. Showing "that a party had no intention of performing at the time a contract was made is not easy, as intent to defraud is not usually susceptible to direct proof." Tony Gullo Motors I, L.P. v. Chapa, 212 S.W.3d 299, 305 (Tex. 2006). The breach must be combined with at least "slight circumstantial evidence" that the defendant never intended to honor the contract. Id. In Chapa, the Texas Supreme Court found that a plaintiff's claim that the original contract was destroyed and that her signature and her deceased husband's signature was forged on the replacement contract served as sufficient circumstantial evidence. Id.

The complaint does not plead any facts showing circumstantial evidence of Allstate's premeditated plan to deny her coverage. It pleads that the agent who sold her the policy "knew that Allstate conducted outcome-oriented investigations and purposefully calculated damage estimates below or slightly close to a policyholder's deductible, all to ensure that Defendant would not have to pay, or would have to pay very little, to policyholders for covered damages" without any basis for how Alcala can impute such knowledge to the agent. Dkt. No. 25, p. 5. It pleads that Allstate "trains its adjusters to ignore covered damage," but offers no facts in support of this assertion. The complaint makes conclusory assertions of Allstate's bad faith, but offers no facts in support. This claim, also, should be dismissed for failure to state a claim upon which relief can be granted.

**2. Insurance Code Violations**

The DTPA states that a consumer can maintain a cause of action for "the use or employment by any person of an act or practice in violation of Chapter 541, Insurance Code." TEX. BUS. CODE § 17.50(a)(4). The Court has already found that Alcala has stated a claim upon which relief can be granted for violations of TEX. INS. CODE § 541.060(a)(2)(A) (failing to pay a reasonably clear claim) & TEX. INS. CODE § 541.060(a)(7) (failure to conduct a proper investigation). As such, she has stated a claim upon which relief can be granted under TEX. BUS CODE § 17.50(a)(4). See Jaramillo v. Liberty Mut. Ins. Co., 2019 WL 8223608, at *7 (N.D. Tex. Apr. 29, 2019) (a viable claim under Ins. Code § 541 means that a plaintiff also has a viable claim under Bus. Code § 17.50(a)(4)). The motion to dismiss should be denied as to this claim.

**C. Good Faith and Fair Dealing**

In the context of an insurance coverage dispute, a plaintiff states a cause of action for lack of good faith and fair dealing "when the insured alleges that the insurer had no reasonable basis for the denial or delay in payment of a claim and that the insurer knew or should have known of that fact." Laws. Title Ins. Corp. v. Doubletree Partners, L.P., 739 F.3d 848, 869 (5th Cir. 2014).

Alcala alleges that Allstate's adjuster spent relatively little time investigating the damage; that the adjuster only spent 30 minutes on the roof when a minimum of 90 minutes was necessary to investigate all of the damage. She also alleges that the damage to the roof in the form of lifted shingles, which should have been obvious to the adjuster. Alcala also alleges that the adjuster "ignored" some of the damage to her home that was covered by the policy.

Under these circumstances, Alcala has stated a claim to relief. She has alleged that her home was obviously damaged, under circumstances covered by the policy and the insurer would have known this fact, if the adjuster had performed a reasonable inspection. A claim that "an adjuster performing a good faith investigation would have found the damages caused by the storm covered under the Policy" is a viable claim for breach of the duty of good faith and fair dealing. Jackson v. Allstate Vehicle & Prop. Ins. Co., 2017 WL

4374862, at *4 (E.D. Tex. Sept. 13, 2017), report and recommendation adopted, 2017 WL 4355042 (E.D. Tex. Oct. 2, 2017).  The motion to dismiss should be denied as to this claim.

### D. Treble Damages

Alcala alleges that Allstate and its agents acted knowingly in violating the Texas Insurance Code.  This claim should be dismissed for failure to state a claim.

The Insurance Code defines "knowingly" as "actual awareness of the falsity, unfairness, or deceptiveness of the act or practice on which a claim for damages" is brought. TEX. INS. CODE § 541.002(1).  This is important because if the trier of fact finds that the insurer acted knowingly when it violated the Insurance Code, it can award up to three times the amount of actual damages. TEX. INS. CODE § 541.152(b); TEX. BUS. CODE § 17.50(b)(1).

The Texas Supreme Court has explained that "[a]ctual awareness does not mean merely that a person knows what he is doing; rather, it means that a person knows that what he is doing is false, deceptive, or unfair.  In other words, a person must think to himself at some point, 'Yes, I know this is false, deceptive, or unfair to him, but I'm going to do it anyway.' " St. Paul Surplus Lines Ins. Co. v. Dal-Worth Tank Co., 974 S.W.2d 51, 53–54 (Tex. 1998).

As previously noted, Alcala makes only conclusory allegations that Allstate and its agents engaged in a premeditated conspiracy to sell her a worthless insurance policy.  She has not pled facts showing that the adjusters had actual awareness of the incompleteness of their inspections, as opposed to merely being incorrect, sloppy, or lazy.  There are no non-conclusory facts within the complaint that lead to the plausible inference that Allstate has acted with actual awareness of the unfairness of its actions.  Any claim for exemplary damages or treble damages based on knowledge should be dismissed.

### IV. Recommendation

It is recommended that the motion to dismiss filed by Allstate, Dkt. No. 27, should be granted in part and denied in part.

The motion to dismiss should be granted as to any claims that Allstate misrepresented its policies in violation of TEX. INS. CODE § 541.061.  It should also be

granted as to any claims that Allstate engaged in unconscionable conduct, in violation of TEX. BUS. CODE § 17.50(a)(3). It should also be granted as to any claim that Allstate acted knowingly in violation of TEX. INS. CODE § 541.152(b) & TEX. BUS. CODE § 17.50(b)(1).

The motion to dismiss should be denied as to Alcala's claims that Allstate violated TEX. INS. CODE § 541.060(a)(2)(A); TEX. INS. CODE § 541.060(a)(7); TEX. INS. CODE § 542.058(a); TEX. BUS. CODE § 17.50(a)(4); or the common law duty of good faith and fair dealing.

The motion to dismiss should also be denied as to all other claims.

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation in which to file written objections, if any, with the United States District Judge. 28 U.S.C. § 636(b)(1). A party filing objections must specifically identify the factual or legal findings to which objections are being made. The District Judge is not required to consider frivolous, conclusive, or general objections. Battle v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

If any party fails to timely object to any factual or legal findings in this Report and Recommendation, the District Judge is not required to conduct a de novo review of the record before adopting these findings. If the District Judge chooses to adopt such findings without conducting a de novo review of the record, the parties may not attack those findings on appeal, except on the grounds of plain error. Alexander v. Verizon Wireless Servs., L.L.C., 875 F.3d 243, 248 (5th Cir. 2017).

DONE at Brownsville, Texas, on April 17, 2023.

_____
Ronald G. Morgan
United States Magistrate Judge