UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MARIA ALCALA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 1:22-CV-095 |
| | § | |
| ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, | § | |
| | § | |
| | § | |
| Defendant. | § | |

## **ORDER**

In June 2022, Plaintiff Maria Alcala filed this action in Texas state court against Defendant Allstate Vehicle and Property Insurance, alleging violations of the Texas Insurance Code and the state's Deceptive Trade Practices Act. (Orig. Pet., Doc. 1-1) Alcala also alleged that Allstate breached their contract and breached the common law duty of good faith and fair dealing. (*Id.*) Allstate removed the case to federal court, and Alcala initially filed an Amended Complaint (Doc. 25) and later a Second Amended Complaint (Doc. 53).[1]

Allstate filed a Partial Motion to Dismiss (Doc. 27). A Magistrate Judge recommends that the Motion be granted in part and denied in part. (R&R, Doc. 44) Because no party filed objections to the Report and Recommendation, the Court conducts a clear error review. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(3). The Court finds no clear error within the Report and Recommendation's analysis, but concludes that the R&R does not appear to reach two arguments within Allstate's Motion. The Court turns to these arguments.

First, Allstate requests dismissal of Alcala's claim under the Texas Insurance Code for "fail[ure] to promptly provide . . . a reasonable explanation . . . for the insurer's denial of a claim".

---

[1] Alcala sought leave to file her Second Amended Complaint after Allstate filed its Partial Motion to Dismiss and after a Magistrate Judge issued a Report and Recommendation regarding the Motion to Dismiss. (Motion for Leave, Doc. 49) On May 26, 2023, the Court granted Alcala leave to amend, but indicated it would consider the Second Amended Complaint as the operative pleading for the purpose of reviewing the Report and Recommendation. (*See* Order, Doc. 52) Accordingly, this Order cites only to Alcala's Second Amended Complaint.

(MTD, Doc. 27, ¶ 21 (quoting TEX. INS. CODE ANN. § 541.060(a)(3)); *see* Second Am. Complaint, Doc. 53, ¶ 38 (citing TEX. INS. CODE ANN. § 541.060(a)(3))) Allstate argues that the Court should dismiss this cause of action because Alcala did not allege reliance or how any allegedly unreasonable explanation contributed to her damages. (MTD, Doc. 27, ¶ 21) As to the initial point, neither Section 541.060(a)(3) nor the caselaw on which Allstate relies indicates that a plaintiff must plead reliance as part of a Section 541.060(a)(3) claim. *See Gant v. State Farm Lloyds*, No. 3:21-CV-2164-B, 2022 WL 254353, at *4 (N.D. Tex. Jan. 27, 2022) (noting only that reliance must be pled for claims under Sections 541.051(1) and 541.061). And other authorities recognize that a Section 541.060(a)(3) claim "does not involve reliance on material misrepresentations". *See, e.g.*, *Jaramillo v. Liberty Mut. Ins. Co.*, No. 4:18-CV-00338-Y, 2019 WL 8223608, at *4 (N.D. Tex. Apr. 29, 2019). As to damages, Alcala alleges that "[b]ecause Allstate's adjuster failed to properly inspect and account for the covered losses, Defendant issued no payment to Plaintiff for the extensive damage to her property." (Second Am. Complaint, Doc. 53, ¶ 13) These allegations suffice to support the cause of action at this stage of the proceedings. As a result, the Court finds both of Allstate's arguments to dismiss this claim unavailing.

Second, Allstate argues for dismissal of Alcala's claim under Section 541.060(a)(1) of the Texas Insurance Code, which prohibits insurance companies from "misrepresenting to a claimant a material fact or policy provision relating to coverage at issue".[2] Allstate contends that Alcala "does not allege a misstatement about a term or policy provision", and fails to allege sufficient facts to demonstrate that she relied on any misrepresentation. (MTD, Doc. 27, ¶ 18) As to the initial argument, courts appear to diverge regarding whether Section 541.060(a)(1) encompasses misrepresentations unrelated to "the details of the policy", with some authority permitting claims for misrepresentation of "a material fact to a claimant, such as representing that certain damage

---

[2] The Report and Recommendation addresses Alcala's claim under Section 541.061, which prohibits "misrepresent[ing] an insurance policy". (*See* R&R, Doc. 44, 6 (citing *Effinger v. Cambridge Integrated Servs. Grp.*, 478 F. App'x 804, 807 (5th Cir. 2011))). That claim, however, differs from a cause of action under Section 541.060(a)(1), which concerns alleged misrepresentations about a "material fact or policy provision."

was not covered by the policy when it was in fact caused by a covered peril." *See Turner Club v. Acadia Ins. Co.*, No. SA-17-CV-246-FB, 2017 WL 5235671, at *4 (W.D. Tex. May 16, 2017), *report and recommendation adopted*, No. SA-17-CA-246-FB, 2017 WL 5505384 (W.D. Tex. June 8, 2017) (quoting *Messersmith v. Nationwide Mut. Fire Ins. Co.*, 10 F. Supp. 3d 721, 724 (N.D. Tex. 2014)) (collecting cases). The Court need not reach this argument, however, as Allstate correctly notes that Alcala fails to allege facts that could support the reliance element for her Section 541.060(a)(1) claim. As Texas courts have recognized, a "misrepresentation claim under the Texas Insurance Code requires reliance on the misrepresentation to the plaintiff's detriment." *ValTex Props. LLC v. Cent. Mut. Ins. Co.*, Civ. Action No. 3:20-CV-1992-B, 2020 WL 6781944 (N.D. Tex. Nov. 18, 2020) (citing *Provident Am. Ins. Co. v. Castaneda*, 988 S.W.2d 189, 200 (Tex. 1998) and dismissing a Section 541.060(a)(1) claim)). Reading the allegations in the light most favorable to Alcala, she appears to allege that Allstate made certain misrepresentations by attributing some of the property damage to excluded losses under the policy. But even if true, Alcala includes no allegations regarding what the alleged misrepresentations led her do to, or to not do, to her detriment. She alleges that Allstate denied coverage because of the alleged misrepresentations, but such an allegation does not demonstrate reliance on the part of Alcala. As a result, Alcala does not allege a viable claim under Section 541.060(a)(1).

For these reasons, the Court **ADOPTS** the Report and Recommendation (Doc. 44). It is:

**ORDERED** that Defendant Allstate Vehicle and Property Insurance's Motion for Partial Dismissal of Plaintiff's Amended Complaint Under Rules 9(b) and 12(b)(6) (Doc. 27) is **GRANTED IN PART** and **DENIED IN PART**; and

**ORDERED** that Plaintiff Maria Alcala's claims against Defendant Allstate Vehicle and Property Insurance under Sections 541.061, 541.061(a)(1), and 541.152(b) of the Texas Insurance Code and under Sections 17.50(a)(3) and 17.50(b)(1) of the Texas Business and Commerce Code are **DISMISSED WITH PREJUDICE**.

All other relief not expressly granted is **DENIED**.

Signed on June 1, 2023.

Fernando Rodriguez, Jr.
United States District Judge