United States District Court
Southern District of Texas
**ENTERED**
July 26, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MARIA ALCALA, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:22-cv-095 |
| | § | |
| ALLSTATE VEHICLE AND PROPERTY | § | |
| INSURANCE COMPANY, | § | |
| *Defendant*. | § | |

**REPORT AND RECOMMENDATION
GRANTING ALLSTATE'S MOTION FOR SUMMARY JUDGMENT**

**I. Synopsis**

Maria Alcala sued her insurance company, Allstate, after incurring property damage in a storm. Alcala claims Allstate unfairly handled her claim by failing to pay her as contractually obligated. The dispute between Alcala and Allstate led to Allstate's invocation of the Texas Insurance Code's appraisal process, leading to Allstate paying Alcala the appraisal amount plus the statutorily required interest. Alcala contends the previously paid appraisal amount does not resolve the other allegations against Allstate including claims for breach contract, unfair settlement practices, deceptive trade practices, breach of the common law duty of good faith and fair dealing, and attorney's fees. This court recommends granting Allstate's Motion for Summary Judgment. Because Allstate paid on the appraisal process and Alcala fails to assert any extra-contractual claims, Alcala has no further causes of action to which a genuine issue of material fact exists.

**II. Jurisdiction**

After removal of this matter from Texas state court pursuant to 28 U.S.C. § 1441, this Court retains jurisdiction based on the diverse citizenship of the parties and amount in controversy, pursuant to 28 U.S.C. § 1332(a)(1). Plaintiff is a citizen of Texas, and Defendant is a citizen of Illinois. Dkt. No. 53, p. 1. Further, Plaintiff's matter in controversy exceeds $75,000 which meets the statutory minimum set under 28 U.S.C. §

1332(a). *Id*. at 1-2, 8.

**III. Background**

    **A. Factual Background**

    Plaintiff Maria Alcala ("Alcala") alleges a March 21, 2022, storm damaged the roof and exterior of her residential property.  Alcala's property was insured by Defendant Allstate Vehicle and Property Insurance Company ("Allstate"). Dkt. No. 53, p. 2. Alcala alleges she submitted a claim to Allstate for the damage and followed up with a written demand letter.  *Id.*

    On or around March 28, 2022, Allstate assigned adjuster Evelyn Tanks to evaluate Alcala's claimed property damage. Dkt. No. 53, p. 3. Alcala alleges Tanks told her that "the damage to her property would be fully covered and that Plaintiff had nothing to worry about." *Id.*  Alcala further claims that at the time of her property's inspection, Allstate "spent less than one hour in assessing damages and then determined there was no damage to Plaintiff's property, and no payment was issued."  *Id.* Alcala alleges that based on the size of her roof, that inspection should have taken over 90 minutes to conduct "a proper and thorough inspection" of the damage to the roof. *Id*., pp. 3-4.  Alcala claims "Because Allstate's adjuster failed to properly inspect and account for the covered losses, Defendant issued no payment."  *Id*., p. 4.  Alcala has pled that Allstate "trains adjusters to calculate just enough damage so that the total amount of replacement cost value will be less than or very close to a policyholder's deductible, regardless of the actual damage present in the subject properties." *Id*., p. 4.

    Alcala sought an estimate from an outside source, who estimated that the repairs would cost $21,000, which is "well above" Alcala's deductible. Dkt. No. 53, p. 4.

    At an unspecified date, Alcala permitted another Allstate adjuster to examine her home. Dkt. No. 53, p. 5. This adjuster also found no storm damage and Allstate did not issue a payment. *Id.*

    Alcala alleges that when she purchased her policy, "Allstate's agent represented on

behalf of Allstate that it would always conduct a fair and unbiased investigation of Plaintiff's claims against the Policy and promptly issue payment to Plaintiff for all properly covered hailstorm and windstorm damages to the Property." Dkt. No. 53, p. 4. Alcala pleads that the agent knew that the statement was false when it was made. *Id.*, pp. 4-5.

### B. Procedural History

On August 1, 2022, Allstate removed this case from Cameron County Court at Law V to the United States District Court for the Southern District of Texas, Brownsville Division. Dkt. No. 1.  Alcala's claims center themselves around Allstate's alleged failure to contractually cover storm damage at her residence. Dkt. No. 1-1.

Allstate filed a motion to dismiss all of Alcala's claims, except for her breach of contract claim. Dkt. No. 27. Alcala filed a response in which she argued that she pled sufficient facts to support her claims. Dkt. No. 30.

From October 2022 through April 2023, the court stayed the proceedings at the request of the parties while they engaged in the appraisal process required by the insurance policy. Dkt. Nos. 31, 32, 43.

On April 17, 2023, this court recommended that Allstate's Motion to Dismiss be granted in part and denied in part. Dkt. No. 44.  More specifically, the court recommended:

> "The motion to dismiss should be granted as to any claims that Allstate misrepresented its policies in violation of TEX. INS. CODE § 541.061. It should also be granted as to any claims that Allstate engaged in unconscionable conduct, in violation of TEX. BUS. CODE § 17.50(a)(3). It should also be granted as to any claim that Allstate acted knowingly in violation of TEX. INS. CODE § 541.152(b) & TEX. BUS. CODE § 17.50(b)(1). The motion to dismiss should be denied as to Alcala's claims that Allstate violated TEX. INS. CODE § 541.060(a)(2)(A); TEX. INS. CODE § 541.060(a)(7); TEX. INS. CODE § 542.058(a); TEX. BUS. CODE § 17.50(a)(4); or the common law duty of good faith and fair dealing."

On May 26, 2023, Alcala filed a Second Amended Complaint against Allstate. Dkt. No. 53.

On June 1, 2023, the Report and Recommendation of the Magistrate Judge was

adopted. Dkt. No. 54. As a result, Alcala's claims against Allstate under Sections 541.061, 541.061(a)(1), and 541.152(b) of the Texas Insurance Code and under Sections 17.50(a)(3) and 1750(b)(1) of the Texas Business and Commerce code were dismissed with prejudice. *Id.* at 3. Accordingly, Alcala's claims under Sections 541.060(a)(2)(A), 541.060(a)(3), 541.060(a)(7), and 542.058(a) of the Texas Insurance Code and under Section 17.50(a)(4) of the Texas Business and Commerce Code remain active. Alcala's claims for breach of contract and breach of the common law duty of good faith and fair dealing remain active as well. Dkt. Nos. 53, 54.

On June 22, 2023, Allstate filed their answer to Alcala's Second Amended Complaint. Dkt. No. 59.

On June 23, 2023, Allstate filed a Motion for Partial Summary Judgment pursuant to Federal Rule of Civil Procedure 56. Dkt. No. 60. Through this motion, Allstate argued prior payment of the appraisal plus any possible interest bars further contractual or extra-contractual causes of action. *Id.* Alcala rejected this argument urging the court to find that the Texas Prompt Payment of Claims Act ("TPPCA") allows her causes of action to survive. Dkt. No. 63.

On June 23, 2023, Allstate also filed a Motion for Partial Dismissal of Plaintiff's Amended Complaint under Rules of Federal Civil Procedure 9(b) and 12(c). Dkt. No. 61.

On June 27, 2023, the federal district court denied Allstate's partial Motion to Dismiss the Second Amended Complaint as moot. Dkt. No. 62.

In July of 2023, this Court recognized that the Fifth Circuit Court of Appeals was contemplating conflicting interpretations of provisions of the TPPCA related to the payment of attorney's fees. The Fifth Circuit certified the attorney's fees question under the TPPCA to the Supreme Court of Texas.[1] The Court stayed the case pending the decision

---

[1] The Fifth Circuit recognized the lack of controlling precedent in Texas as to whether the payment of an appraisal award extinguishes the plaintiff's right to recover attorney's fees under the TPPCA. *Rodriguez v. Safeco Ins. Co. of Indiana*, 73 F.4th 352, (5th Cir. July 21, 2023). The Fifth Circuit certified the following question to the Supreme Court of Texas: "In an action under Chapter 542A of the Texas Prompt Payment of Claims Act, does an insurer's payment of the full appraisal award plus any possible statutory interest preclude recovery of attorney's fees?" *Id.*

of the Supreme Court of Texas.  Dkt. No. 67.

On February 2, 2024, the Supreme Court of Texas answered the certified question in the affirmative, denying recovery of attorney's fees upon an insurer's payment of the appraisal award plus interest. *Rodriguez v. Safeco Ins. Co. of Indiana*, 684 S.W.3d 789 (Tex. 2024).  On April 16, 2024, the Fifth Circuit issued an unpublished decision in which they followed the reasoning of the Supreme Court of Texas finding the recovery of attorney's fees are precluded in claims under Chapter 542A of the TPPCA when the insurer pays the full appraisal award plus any possible statuary interest. *Rodriguez v. Safeco Ins. Co.*, No. 22-11070, 2024 WL 1637548 (5th Cir. Apr. 16, 2024).

This court lifted the previously imposed stay of proceeding and ordered the parties to file supplemental briefs describing the impact of *Rodriguez* on the remaining claims before the court. Dkt. No. 69.  Allstate filed a responsive brief shortly thereafter.  Dkt. No. 70. Alcala declined to submit a brief.

## IV. Applicable Standard

Summary judgment is appropriate when the moving party establishes there exists no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). In contrast, the movant "can show there's no material dispute if he demonstrates that the [non-movant] could not prevail even if each factual question were resolved in their favor." *Freedom From Religion Found., Inc. v. Mack*, 49 F.4th 941, 950 (5th Cir. 2022). A "genuine issue of material fact exists where evidence is such that a reasonable jury could return a verdict for the non-movant." Piazza's Seafood World, L.L.C. v. Odom, 448 F.3d 744, 752 (5th Cir. 2006).

If the non-movant would bear the burden of proof at trial, the moving party may satisfy its summary judgment burden "by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim." *Ortega Garcia v. U.S.*, 986 F.3d 513, 533 (5th Cir. 2021). The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out

specific facts showing that a genuine issue exists. *Id.*

"All facts must be viewed in the light most favorable to the nonmovant and all justifiable inferences must be drawn in his favor." *Crane v. City of Arlington, Texas*, 50 F.4th 453, 461 (5th Cir. 2022). Thus, factual controversies are resolved in favor of the non-movant, "but only where there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Lexon Ins. Co., Inc. v. Fed. Deposit Ins. Corp.*, 7 F.4th 315, 321 (5th Cir. 2021). In the "absence of any proof," the court cannot and will not assume that the non-moving party could or would prove the necessary facts. *McCarty v. Hillstone Rest. Grp., Inc.*, 864 F.3d 354, 358 (5th Cir. 2017). Finally, "a court should not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment." *Chacon v. Copeland*, 577 Fed. App'x. 355, 360 (5th Cir. 2014) (unpubl.) (quoting *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000)) (internal quotations omitted).

## V. Analysis

Allstate seeks dismissal of Alcala's remaining claims all related to a homeowners insurance contract between the parties. Of the remaining Alcala claims[2], Alcala pleads an alleged breach contract, unfair settlement practices under the Texas Insurance Code, deceptive trade practices under the Texas Business and Commerce Code, breach of the common law duty of good faith and fair dealing, and recoverable attorney's fees under the Texas Insurance Code. This Court recommends that Allstate's motion for partial summary judgment be granted, and all of Alcala's remaining claims be dismissed with prejudice. While Allstate titles their motion a partial summary judgment, this recommendation resolves all of Alcala's remaining claims in this litigation because of the court's previous order granting in part Allstate's motion to dismiss some of Alcala's causes of action.

---

[2] On June 1, 2023, the Honorable Fernando Rodriguez, Jr. dismissed with prejudice Alcala's claims against Allstate for Texas Insurance Code violations under Sections 541.061 (deceptive acts misrepresenting the policy), 541.061(a)(1) (unfair settlement practices), and 541.152(b) (treble and exemplary damages) and Texas Business and Commerce Code violations under Sections 17.50(a)(3) (unconscionable conduct) and 17.50(b)(1) (exemplary damages). Dkt. No. 54.

**A. Texas Insurance Code Claims**

Alcala alleges violations of the Texas Insurance Code under Sections 541.060(a)(2)(A) (prompt settlement), 541.060(a)(3) (prompt reasonable explanation), 541.060(a)(7) (reasonable investigation) and 542.058 (delay of payment). This Court recommends that Alcala's claims for recovery under the Texas Insurance Code be denied. Alcala alleges violations of the Texas Insurance Code under Chapters 541 and 542. Dkt. No. 53. Defendant Allstate bears the burden of proof to present evidence that would entitle them to judgment at trial. *Malacara v. Garber*, 353 F.3d 393, 403 (5th Cir. Dec. 9, 2023). However, the motion should be granted only if the non-movant, Alcala, cannot show a genuine dispute of material fact. Thus, Alcala must cite to specific evidence demonstrating a genuine dispute. *Sossamon v. Texas*, 560 F.3d 316, 326 (5th Cir. Feb. 17, 2009); *Celotex Corp. v. Cattrett*, 477 U.S. 317, 324 (1986); Fed. R. Civ. P. 56(c)(1).

Here, the parties engaged in an independent appraisal process with contractual payments paid to Alcala.  Dkt. No. 60-5. Alcala has not alleged additional policy benefits remain unpaid, and there are no allegations that there has been an injury independent from the handing of the contractual claims.

As recognized by the Fifth Circuit, extra-contractual insurance claims require proof that the defendant caused an independent injury to be an actionable claim. "There can be no recovery against an insurer for extra-contractual damages for mishandling of claims unless the complained of actions or omissions caused injury independent of that which would have resulted from a wrongful denial of policy benefits." *See Parkans Int'l LLC v. Zurich Ins. Co.*, 299 F.3d 514, 519 (5th Cir. 2002) (*citing Provident Am. Ins. Co. v. Castaneda*, 988 S.W.2d 189, 198-99 (Tex. 1998). Alcala has not alleged an independent injury, and there is no record evidence to support the idea that Allstate withheld any benefits to which Alcala was entitled. Therefore, there is no genuine issue of material fact to support a claim dispute by Alcala under the Texas Insurance Code.  The court recommends finding Allstate is entitled to summary judgment as a matter of law and

dismissal with prejudice for all remaining claims under the Texas Insurance Code.

### B. Texas Business Code and Commerce Code Claims

The Texas Deceptive Trade Practices Act, ("TDTPA"), through a "tie in provision" connects violations of Chapter 541 of the Texas Insurance Code to the Texas Business and Commerce Code § 17.50(a)(4).  The TDTPA prohibits "false, misleading, or deceptive acts or practices." §17.46.   Alcala alleges that Allstate falsely stated her claims would be covered and that Allstate arbitrarily excluded claims. Alcala also alleges that Allstate investigates purposely to undervalue claims and has concealed these practices. While these claims are plead separate from the claims under the Texas Insurance Code, they remain necessarily intertwined because they arise from the same contractual dispute under Alcala's Allstate policy.   However, Alcala does not present any facts that place Allstate's actions outside of the contractual dispute interpreting Alcala's homeowners' policy. "In the absence of some specific misrepresentation by the insurer or agent about the insurance, a policyholder's mistaken belief about the scope or availability of coverage is not generally actionable under the TDTPA." *See Sledge v. Mullin*, 927 S.W.2d 89, 94 (Tex.App.Fort Worth 1996). When Allstate paid the appraisal award and statutory interest on the insurance contract for Alcala's storm damage, any claims by Alcala on the contract resolved themselves.  Because Alcala provides no facts outside of the contractual claim, none of Alcala's causes of action under the TDTPA are actionable.   There is no genuine issue of material fact to support a claim by Alcala under the TDTPA. Therefore, the Court recommends Allstate is entitled to summary judgment as a matter of law and dismissal with prejudice for all remaining claims under the Texas Business and Commerce Code.

### C. Breach of Contract

Alcala asserts a breach of contract claim against Allstate for its failure and refusal to pay her homeowners' insurance policy.  Allstate moves for summary judgment on this claim, contending its payment of the appraisal award and statutory interest estops Alcala from maintaining a breach of contract claim.  Allstate argues that payment of the appraisal

8

award plus statutory interest fully compensated Alcala for her loss under the homeowners' insurance contract.

It is well settled law that when an insurer makes a timely payment of a binding and enforceable appraisal award, and the insured accepts the payment, the insured is estopped by the appraisal award from maintaining a breach of contract claim. *Blum's Furniture co. Inc. v. Certain Underwriters at Lloyds London*, 459 Fed. Appx. 366, 368 (5th Cir. 2012); *Ortiz v. State Farm*, 589 S.W. 3d (127,129 (Tex. 2019).

Because Alcala accepted the appraisal award and statutory interest, she is estopped from pursuing a breach of contract claim against Allstate.  Additionally, the Court is unable to point to facts that support evidence of an injury to Alcala independent of the contractual claims.  Consequently, the Court recommends Allstate is entitled to judgment as a matter of law and dismissal with prejudice on Alcala's breach of contract claim as no genuine of material fact exists to support the claim.

### D. Breach of Duty of Good Faith and Fair Dealing

Texas law requires insurers to "deal fairly and in good faith with its insured in the processing and payment of claims." *See* Tex. Ins. Code §541.151; *Republic Ins. Co. v. Stoker*, 903 S.W.2d 338, 340 (Tex. 1995). An insurer breaches this duty of good faith and fair dealing "if the insurer knew or should have known that it was reasonably clear that the claim was covered," but denies or unreasonably delays payment of the claim.  *Universe Life Ins. Co. v.* Giles, 950 S.W.2d 48, 55-56 (Tex. 1997). A common law bad faith claim requires proof that the act or practice was the proximate cause of the alleged injury; a Texas Insurance Code violation qualifies as an injury. *See Provident American Ins. Co. v. Castaneda*, 988 S.W.2d at 189, 193, n. 13. (Tex. 1998). To prove these claims, causation in fact must be established.  Alcala must prove "that an act or omission was a substantial factor in bringing about injury which would not otherwise have occurred." *Prudential Ins. Co. of Am. V. Jefferson Assoc., Ltd.,* 896 S.W.2d 156, 161 (Tex. 1995). A bad faith claim for punitive damages for breach of an insurance contract requires "intentional wrong,

insult, abuse, or such gross negligence as to consist of an independent tort." *Evangelista v. Nationwide Ins. Co.*, 726 F.Supp. 1057, 1059 (5th Cir. 1988) (internal citations omitted).

Alcala has not offered any evidence that Allstate acted either in bad faith or unreasonably in the coverage of their claim. Instead, Alcala's submissions are "evidence showing only a bona fide coverage dispute," which "does not, standing along, demonstrate bad faith." *State Farm Lloyds v. Nicolau*, 951 S.W.2d 444, 448 (Tex. 1997). Alcala's facts show a claim, an appraisal process, and payment through that process.  Dkt. No. 60-5. Alcala fails to present any facts of a wrong, insult, abuse or gross negligence that rise to a claim of an independent tort.

Consequently, this Court recommends that summary judgment as to breach of duty of good faith and fair dealing be granted as there is no genuine issue of material fact to support the claim by Alcala. The court recommends Allstate is entitled to summary judgment as a matter of law and dismissal with prejudice as to any claim of breach of the duty of good faith and fair dealing.

### E.  Texas Prompt Payment of Claims Act ("TPPCA") Request for Attorney's Fees

The parties fundamentally disagree as to the whether Alcala is entitled to attorney's fees under the TPPCA, because a recent amendment to the statute altered the methodology that determines the amount of attorney's fees and interest available for weather-related insurance disputes. *See* Texas Insurance Code §§ 542A.001-.007. In its motion for summary judgment, Allstate argues that it paid all amounts owed under the policy plus any statutory interest, so no additional award of attorney's fees is necessary. Dkt. No. 60. Alcala argues that Allstate's alleged violation of the TPPCA entitles her to the payment of attorney's fees. Dkt. No. 63., p. 7.

This Court, recognizing the Fifth Circuit's pending certified question to the Supreme Court of Texas on the issue of attorney's fees available under the TTPCA in *Rodriguez v. Safeco Ins. Co. of Indiana,* stayed proceedings until such time as the question was resolved. Dkt. No. 67.  The Supreme Court of Texas held that "[S]ection 542A.007 of

the Insurance Code prohibits an award of attorney's fees when an insurer has fully discharged its obligations under the policy by voluntarily paying the appraised amount, plus any statutory interest, in compliance with the policy's appraisal provisions." *Rodriguez v. Safeco Ins. Co. of Indiana*, 684 S.W.3d 789 (Tex. 2024). Following this logic, the Fifth Circuit held in *Rodriguez* that any entitlement to additional attorney's fees is discharged upon payment of the appraisal amount and statutory interest. *Rodriguez v. Safeco Ins. Co.*, No. 22-11070, 2024 WL 1637548 (5th Cir. Apr. 16, 2024). Here, Allstate paid the appraisal amount and statutory interest to Alcala. Dkt. No. 60-5. Therefore, following the Fifth Circuit's precedent in *Rodriguez*, Alcala is not entitled to attorney's fees because Allstate paid the appraisal amount and statutory interest. *Id.* The court recommends Alcala's claim for attorney's fees under the TPPCA be denied. The court recommends Allstate is entitled to summary judgment as no genuine issue of material fact exists upon Alcala can recover attorney's fees.

## VI. Recommendation

This Court recommends granting the motion for summary judgment filed by Allstate. Dkt. No. 60. This Court notes the recommendation is in practice a dismissal with prejudice of all of Alcala's remaining property insurance contract dispute claims against Allstate. Dkt. No. 54.

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation in which to file written objections, if any, with the United States District Judge. 28 U.S.C. § 636(b)(1). A party filing objection must specifically identify the factual or legal findings to which objections are being made. The District Judge is not required to consider frivolous, conclusive, or general objections. *Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

If any party fails to timely object to any factual or legal findings in this Report and Recommendation, the District Judge is not required to conduct a *de novo* review of the record before adopting these findings. If the District Judge chooses to adopt such findings

without conducting a *de novo* review of the record, the parties may not attack those findings on appeal, except on the grounds of plain error. *Alexander v. Verizon Wireless Servs.*, L.L.C., 875 F.3d 243, 248 (5th Cir. 2017).

      Signed on July 26, 2024.

Karen Betancourt
United States Magistrate Judge